UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS – FORT WORTH DIVISION

| | |
|---|---|
| ROY UPSHAW and R&S UPSHAW FRANCHISING, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>US FOODS, INC., JERRY HARDWICK, LACADO LLC, ANDREW K. WILSON,<br><br>Defendants. | Civil Action No. 4:21-cv-00922-O |

**ANSWER AND DEFENSES OF DEFENDANTS JERRY HARDWICK AND US FOODS, INC. TO PLAINTIFFS' COMPLAINT FOR DAMAGES**

Defendants Jerry Hardwick and US Foods, Inc. ("Defendants") hereby answer the Complaint for Damages filed by Plaintiffs Roy Upshaw and R&S Upshaw Franchising, LLC ("Plaintiffs"), and respectfully show the Court as follows:

### DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT

### PARTIES

1. Defendants lack information or knowledge sufficient to admit or deny the allegations in paragraph 1 of Plaintiffs' Complaint as alleged.

2. Defendants lack information or knowledge sufficient to admit or deny the allegations in paragraph 2 of Plaintiffs' Complaint as alleged.

3. Defendants admit that US Foods, Inc. is an Illinois-based corporation and that it sells food products, among other items. Defendants admit that US Foods, Inc's registered agent is Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3136. Defendant denies the remaining allegations in paragraph 3 of Plaintiffs' Complaint.

4. Defendants admit that Jerry Hardwick is the New Business Manager for US Foods, Inc's Dallas Distribution Center, which is located at 1992 Forest Lane, Garland, Texas 75042..

5. Defendants lack information or knowledge sufficient to admit or deny the allegations in paragraph 5 of Plaintiffs' Complaint as alleged.

6. Defendants lack information or knowledge sufficient to admit or deny the allegations in paragraph 6 of Plaintiffs' Complaint as alleged.

## JURISDICTION AND VENUE

7. The allegations in paragraph 7 of Plaintiffs' Complaint contains a statement of law for which no response is required from Defendants.

8. The allegations in paragraph 8 of Plaintiffs' Complaint contains a statement of law for which no response is required from Defendants.

9. The allegations in paragraph 9 of Plaintiffs' Complaint contains a statement of law for which no response is required from Defendants.

10. The allegations in paragraph 10 of Plaintiffs' Complaint contains a statement of law for which no response is required from Defendants.

## FACTUAL BACKGROUND

11. Defendants lack information or knowledge sufficient to admit or deny the allegations in paragraph 11 of Plaintiffs' Complaint as alleged.

12. Defendants lack information or knowledge sufficient to admit or deny the allegations in paragraph 12 of Plaintiffs' Complaint as alleged.

13. Defendants lack information or knowledge sufficient to admit or deny the allegations in paragraph 14 of Plaintiffs' Complaint as alleged.

14. Defendants admit that Upshaw has a franchise in Canton, Texas that is managed by Katy Temple. Defendants deny the remaining allegations in paragraph 14 of Plaintiffs' Complaint as alleged.

15. Paragraph 15 of Plaintiffs' Complaint does not contain and factual allegations regarding Defendants, therefore no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 15 of Plaintiffs' Complaint as alleged.

16. Paragraph 16 of Plaintiffs' Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendants lack information or knowledge sufficient to admit or deny the allegations in paragraph 16 of Plaintiffs' Complaint as alleged.

17. Paragraph 17 appears to refer to a document or documents, the contents of which speak for themselves, and therefore an admission or denial is not required. Defendants deny the allegations of paragraph 17 to the extent they are inconsistent with the content, meaning, or intent of such document or documents.

18. Paragraph 18 appears to refer to a document or documents, the contents of which speak for themselves, and therefore an admission or denial is not required. Defendants deny the allegations of paragraph 18 to the extent they are inconsistent with the content, meaning, or intent of such document or documents.

19. Defendants admit that Lacado was, at one time, selling beverages in 40-ounce Styrofoam cups. Defendants deny the remaining allegations in paragraph 19 of Plaintiffs' Complaint as alleged.

20. Defendants deny the allegations in paragraph 20 of Plaintiffs' Complaint.

21. Defendants deny the allegations in paragraph 21 of Plaintiffs' Complaint.

US2008 19105095 2

22. Defendants admit that Hardwick provided certain goods to Lacado, but otherwise deny the allegations in paragraph 22 of Plaintiffs' Complaint as alleged.

23. Defendants deny the allegations in paragraph 23 of Plaintiffs' Complaint.

24. Defendants admit that US Foods, Inc. supplied certain goods to Lacado. Defendants deny the remaining allegations in paragraph 24 of Plaintiffs' Complaint as alleged.

25. Defendants admit Hardwick discussed potential sales of certain goods with Katy Temple. Defendants deny the remaining allegations in paragraph 25 of Plaintiffs' Complaint as alleged.

## PLAINTIFFS' CAUSES OF ACTION
### A. CLAIM 1 - ALLEGED TRADEMARK INFRINGEMENT (ALL DEFENDANTS)

26. Paragraph 26 states only general propositions of law to which no response is required.

27. Paragraph 27 of Plaintiffs' Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendants lack information or knowledge sufficient to admit or deny the allegations in paragraph 27 of Plaintiffs' Complaint.

28. Paragraph 28 of Plaintiffs' Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 28 of Plaintiffs' Complaint.

29. Defendants deny the allegations in paragraph 29 of Plaintiffs' Complaint.

30. Defendants deny the allegations in paragraph 30 of Plaintiffs' Complaint.

31. Defendants deny the allegations in paragraph 31 of Plaintiffs' Complaint.

32. Defendants deny the allegations in paragraph 32 of Plaintiffs' Complaint.

33. Defendants deny the allegations in paragraph 33 of Plaintiffs' Complaint.

### B. CLAIM II – ALLEGED BREACH OF CONTRACT, WARRANTING FRANCHISE TERMINATION (DEFENDANTS LACADO, LLC AND ANDY WILSON)

34. Paragraph 34 of Plaintiffs' Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendants lack information or knowledge sufficient to admit or deny the allegations in paragraph 34 of Plaintiffs' Complaint as alleged.

35. Paragraph 35 of Plaintiffs' Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendants lack information or knowledge sufficient to admit or deny the allegations in paragraph 35 of Plaintiffs' Complaint as alleged.

36. Defendants deny the allegations in paragraph 36 of Plaintiffs' Complaint.

### C. CLAIM 3 – ALLEGED TORTIOUS INTERFERENCE (DEFENDANTS US FOODS AND JERRY HARDWICK)

37. Paragraph 37 states only general propositions of law to which no response is required.

38. Defendants lack information or knowledge sufficient to admit or deny the allegations in paragraph 38 of Plaintiffs' Complaint as alleged.

39. Defendants deny the allegations in paragraph 39 of Plaintiffs' Complaint.

40. Defendants lack information or knowledge sufficient to admit or deny the allegations in paragraph 40 of Plaintiffs' Complaint as alleged.

41. Defendants deny the allegations in paragraph 41 of Plaintiffs' Complaint.

### D. CLAIM 4 – ALLEGED CIVIL CONSPIRACY TO COMMIT TRADEMARK INFRINGEMENT (ALL DEFENDANTS)

42. Paragraph 42 states only general propositions of law to which no response is required.

43. Paragraph 43 states only general propositions of law to which no response is required.

44. Paragraph 44 states only general propositions of law to which no response is required.

45. Paragraph 45 states only general propositions of law to which no response is required.

46. Defendants deny the allegations in paragraph 46 of Plaintiffs' Complaint.

47. Defendants deny the allegations in paragraph 47 of Plaintiffs' Complaint.

## V. CONDITIONS PRECEDENT

48. Paragraph 48 of Plaintiffs' Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendants lack information or knowledge sufficient to admit or deny the allegations in paragraph 48 of Plaintiffs' Complaint as alleged.

49. Defendants lack information or knowledge sufficient to admit or deny the allegations in paragraph 49 of Plaintiffs' Complaint as alleged.

## VI. PENDING MOTION TO CONSOLIDATE

50. Paragraph 50 of Plaintiffs' Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendants lack information or knowledge sufficient to admit or deny the allegations in paragraph 50 of Plaintiffs' Complaint as alleged.

51. Paragraph 51 of Plaintiffs' Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendants lack information or

US2008 19105095 2

knowledge sufficient to admit or deny the allegations in paragraph 51 of Plaintiffs' Complaint as alleged.

52. Paragraph 52 of Plaintiffs' Complaint states a legal conclusion to which no response is required.

## AFFIRMATIVE DEFENSES

Defendants assert the following defenses without assuming any burden not already placed on Defendants by applicable law.

### FIRST AFFIRMATIVE DEFENSE

53. Defendants affirmatively aver that Plaintiffs' claims fail in whole or in part due to Plaintiffs' failure to mitigate their damages.

### SECOND AFFIRMATIVE DEFENSE

54. Defendants affirmatively aver that Plaintiffs' claims fail in whole or in part due to waiver.

### THIRD AFFIRMATIVE DEFENSE

55. Defendants affirmatively aver that Plaintiffs' claims fail in whole or in part due to the doctrines of res judicata, collateral estoppel, quasi-estoppel, and/or judicial estoppel.

### FOURTH AFFIRMATIVE DEFENSE

56. Defendants affirmatively aver that Plaintiffs' claims are barred in whole or in part due to prior material breaches of the franchise agreements at issue by Plaintiffs.

### FIFTH AFFIRMATIVE DEFENSE

57. Defendants affirmatively aver that Plaintiffs' claims fail in whole or in part due to fraud by Plaintiffs.

US2008 19105095 2

## SIXTH AFFIRMATIVE DEFENSE

58. Defendants affirmatively aver that Plaintiffs' claims fail in whole or in part because Plaintiffs do not have standing and/or capacity to sue Defendants.

WHEREFORE, having fully answered Plaintiffs' Complaint, Defendants request that Plaintiff take nothing by the suit and that the Defendants recover costs of court and attorney's fees, and that Defendant have such other and further relief to which they may be justly entitled.

Respectfully submitted, this 19th day of October, 2021.

/s/  S. Wesley Butler
Craig A. McDougal
Texas State Bar No. 13569850
cmcdougal@kilpatricktownsend.com
S. Wesley Butler
Texas State Bar No. 24045593
wbutler@kilpatricktownsend.com
KILPATRICK TOWNSEND & STOCKTON LLP
2001 Ross Ave., Suite 4400
Dallas, Texas 75201
Telephone:    (214) 922-7100
Telecopier:    (214) 922-7101

*Counsel for Defendants Jerry Hardwick and US Foods Inc.*

## **CERTIFICATE OF SERVICE**

I, undersigned counsel, hereby certify that on October 19, 2021 a true and correct copy of the foregoing document was served upon the following parties through the Court's electronic filing system:

Warren V. Norred
wnorred@norredlaw.com
NORRED LAW, PLLC
515 E. Border Street
Arlington, Texas 76010

/s/ S. Wesley Butler
S. Wesley Butler

*Counsel for Defendants Jerry Hardwick and US Foods Inc.*