IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS - FORT WORTH DIVISION

| | |
|---|---|
| ROY UPSHAW and R&S UPSHAW FRANCHISING, LLC, <br> Plaintiffs, <br><br> v. <br><br> US FOODS, INC., <br> JERRY HARDWICK, <br> LACADO LLC, <br> ANDREW K. WILSON, <br> Defendants. | Civil Action No. 4:21-cv-00922-O |

# JOINT STATUS REPORT

Pursuant to the Court's Order and Federal Rule of Civil Procedure 26(f), Plaintiffs Roy Upshaw and R&S Upshaw Franchising, LLC ("Plaintiffs") Defendants US Foods, Inc., Jerry Hardwick, Lacado LLC, and Andrew K. Wilson, file this joint status report.

(1)   A brief statement of the claims and defenses:

   A.   Plaintiffs:

The plaintiff is the owner of the Taco Casa franchise, which owns various common law and registered trademarks. Franchisees are not permitted to use these trademarks without consent.

Defendant US Foods has produced packaged food materials and cups with the Taco Casa logo printed thereon without approval. Defendants Andy Wilson

and Lacado have placed Taco Casa's mark on a plethora of unapproved menu items and tangible goods, breaching the contract and violating Plaintiffs' exclusive rights of reproduction and distribution protected under the Lanham Act.

Additionally, Defendants Wilson and Lacado's unapproved menu changes and food preparation practices are material breaches of Wilson and Lacado's duty to obtain approval before departing from the established menu. Lacado's ongoing behavior warrants franchise termination.

Defendant Jerry Hardwick supplied Wilson's franchise stores with substitute ingredients not approved by Plaintiffs and has attempted to form a similar unapproved arrangement with the Canton Taco Casa franchise, knowing that such action would breach the Taco Casa Franchise Agreements. Hardwick and US Foods are thus liable to Plaintiffs for tortious interference.

Plaintiffs allege a derivative tort of trademark infringement as outlined against all four defendants, as each conspired to infringe on Plaintiffs' trademark, warranting Plaintiffs' claim for civil conspiracy.

B. Defendants:

(1) Defendants Lacado LLC and Andrew K. Wilson:

Defendant Lacado, LLC ("Lacado") is a Taco Casa franchisee and operates three Taco Casa fast food restaurants in the Dallas-Fort Worth metroplex. Defendant Andrew Wilson ("Wilson") is Lacado's sole member. Lacado

previously sued Upshaw in Texas state court for breaching three franchise agreements (collectively, the "Franchise Agreements") and engaging in fraudulent conduct. Upshaw asserted numerous counterclaims, including a counterclaim for declaratory judgment which asked the trial court to declare that Upshaw had the right to terminate the Franchise Agreements. A Tarrant County jury found that Upshaw breached each of the Franchise Agreements and committed fraud. Judgment was entered in Lacado's favor in excess of $1 million, and Upshaw's counterclaims, including the declaratory judgment claim seeking franchise termination, were dismissed in their entirety. The trial court's judgment was affirmed by the Second Court of Appeals of Fort Worth, Texas.

Undeterred, Upshaw filed a second lawsuit in Texas state court on November 23, 2020, which claimed that Lacado breached the Franchise Agreements. In that lawsuit, Upshaw again sought to terminate the Franchise Agreements. That lawsuit is still pending in Texas state court.

To further harass Lacado, however, Upshaw filed the instant lawsuit, which for the *third* time asks a court to terminate the Franchise Agreements. Without a doubt, the conduct Upshaw has complained about in this case was actually litigated or could have been litigated in the state court lawsuit. Upshaw's claims are, thus, barred by res judicata and/or collateral estoppel.

That aside, Lacado did not breach the Franchise Agreements. As it relates to Upshaw's claim that Lacado breached the Franchise Agreements by charging non-uniform prices, Upshaw's representatives have repeatedly admitted that the Taco Casa pricing structure is only "recommended" and that there are no requirements for menu items to be priced certain ways. In other words, Lacado is free to charge whatever it believes to be a fair price for its menu items. As it relates to Upshaw's other complaints, the same do not amount to material breaches of the Franchise Agreements that could warrant franchise termination (*e.g.* Lacado's use of Styrofoam cups instead of plastic cups surely cannot warrant franchise termination). All of that aside, Upshaw has not sustained any damages, whatsoever, that are recoverable under applicable law.

(2) <u>Defendants US Foods, Inc. and Jerry Hardwick</u>:

Defendant US Foods, Inc. is a broadline food distributor which provides food and food related products to customers such as restaurants, schools and hospitals. Jerry Hardwick is a New Business Manager for US Foods, Inc. Employees of Lacado reached out to US Foods, Inc. in late 2019 or early 2020 to see if US Foods, Inc. could supply some of the food products for Lacado's Taco Casa stores. US Foods, Inc. and Hardwick were not aware of the terms of Lacado's franchise agreements with Upshaw. US Foods, Inc.

provided the products requested by Lacado, but did not induce Lacado to breach any contracts. At the request of Lacado, who indicated that it had authority to use the Taco Casa name via its status as a franchisee, US Foods, Inc. provided products to Lacado bearing the Taco Casa name, but did not infringe upon Upshaw's trademarks in any way.  It appears that US Foods, Inc. and Mr. Hardwick have been drug into in a long-standing dispute between Upshaw and Lacado as described by Lacado above.  US Foods, Inc. and Hardwick are not liable to Plaintiffs in any way and have certainly not caused any damages to Plaintiffs.  US Foods, Inc. is no longer selling products to Lacado or any other Taco Casa franchise.

(3)   <u>A proposed time limit to file motions for leave to join other parties:</u>

February 28, 2022.

(4)   <u>A proposed time limit to amend the pleadings:</u>

March 31, 2022.

(5)   <u>Proposed time limits to file various and dispositive motions:</u>

July 29, 2022.

(6)   <u>A proposed time limit for initial designation of experts:</u>

March 31, 2022.

(7)   <u>A proposed time limit for responsive designation of experts:</u>

April 29, 2022.

(8) <u>A proposed time limit for objections to experts (i.e., Daubert, etc.):</u>

July 29, 2022.

(9) <u>A proposed plan and schedule for discovery:</u>

The parties agree to exchange initial disclosures no later than Dec. 1, 2021.

Factual and expert discovery should be completed by July 29, 2022. No necessity exists for phased discovery.

(10) <u>Suggested changes to the limitations on discovery:</u>

No changes.

(11) <u>Proposed means for disclosure concerning ESI:</u>

Parties will seek electronic discovery and will agree to redactions to protect personal facts as appropriate.

(12) <u>Proposals regarding necessary privileged or trial-preparation material:</u>

None.

(13) <u>Proposed trial date and estimated length, notice of jury demand:</u>

The parties will be ready for trial by September 2022.

Parties estimate a trial not extending beyond three (3) days.

Plaintiffs demand a jury trial and hereby give notice of same.

(14) <u>A proposed date for further settlement negotiations:</u>

At this time, Plaintiffs and the Lacado Defendants do not believe a settlement can be reached. The parties will remain open to further negotiating settlement as this lawsuit progresses.

(15) <u>Objections to Rule 26(a)(1), other modifications, disclosure deadline:</u>

None.

(16) <u>Whether the parties will consent to trial before a magistrate judge:</u>

The parties will not consent.

(17) <u>Concerning options and timing of mediation/arbitration to resolve the suit:</u>

To the extent the Court believes mediation to be appropriate, the parties believe that a mediation after the close of fact discovery would provide the best opportunity for settlement.

(18) <u>Other proposals regarding scheduling and discovery appropriate to this suit:</u>

None.

(19) <u>Whether a conference with the Court is desired:</u>

No conference is necessary or desired at this time.

(20) <u>Any other matters relevant to the status and disposition of this case:</u>

None at this time.

Respectfully submitted,

/s/Warren V. Norred
Warren Norred, Texas State Bar No. 24045094
wnorred@norredlaw.com
NORRED LAW, PLLC
515 E. Border, Arlington, Texas 76010
Telephone: (817) 704-3984; Telecopier: (817) 524-6686
Attorney for Plaintiffs

/s/ S. Wesley Butler
Craig A. McDougal, Texas State Bar No. 13569850
cmcdougal@kilpatricktownsend.com
S. Wesley Butler
Texas State Bar No. 24045593
wbutler@kilpatricktownsend.com
KILPATRICK TOWNSEND & STOCKTON LLP
2001 Ross Ave., Suite 4400; Dallas, Texas 75201
Telephone: (214) 922-7100; Telecopier: (214) 922-7101
Attorneys for Defendants US Foods, Inc. and Jerry Hardwick

/s/ Caleb B. Bulls
Hugh G. Connor, State Bar No. 00787272
hugh.connor@kellyhart.com
Michael D. Anderson, State Bar No. 24031699
michael.anderson@kellyhart.com
Caleb B. Bulls, State Bar No. 24082749
caleb.bulls@kellyhart.com
KELLY HART & HALLMAN LLP
201 Main Street, Suite 2500; Fort Worth, Texas 76102
Telephone: (817) 332-2500; Telecopier: (817) 878-9280
Attorneys for Defendants Lacado LLC and Andrew K. Wilson

**CERTIFICATE OF SERVICE -** I certify that this Motion was served on all parties seeking service in the instant case via the Court's ECF system on November 17, 2021.

/s/Warren V. Norred
Warren V. Norred